**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN SU,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-71870<br><br>Agency No. A201-200-194<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:      SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Xin Su, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying a continuance. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the agency's denial of a motion for a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Su's request for a continuance and deeming her applications for relief abandoned, where the IJ warned her three times that she was required to provide her biometrics by the next hearing, she indicated that she understood the consequences of failing to comply with the IJ's instructions, she was provided written instructions by the government, and she failed to present good cause for her failure to comply. *See* 8 C.F.R. §§ 1003.29 (an IJ "may grant a motion for continuance for good cause shown"), 1003.47(c) (failure to provide biometrics as instructed by the IJ constitutes abandonment of the application for relief); *cf. Cui*, 538 F.3d at 1293-95 (requiring a continuance where the alien did not receive adequate notice of the requirement to submit fingerprints).

We do not reach Su's contentions regarding her failure to provide adequate corroborating evidence in support of her asylum application or whether the BIA should have granted her equitable relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**